Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2633 | **DATE** | 2/5/2002 |
| **CASE TITLE** | Maria Rosa Ramos, et. al. vs. John Ashcroft, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

INS's Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, the INS's motion to dismiss plaintiff's complaint [6-1] is GRANTED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 0 7 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 17 |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| klb (lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIA ROSA RAMOS, et. al, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JOHN ASHCROFT, Attorney General; ) <br> IMMIGRATION & NATURALIZATION ) <br> SERVICE; KEVIN D. ROONEY, Acting ) <br> Commissioner, Immigration & ) <br> Naturalization Service, BRIAN ) <br> PERRYMAN, District Director of the ) <br> Immigration and Naturalization Service, ) <br> ) <br> Defendants. ) | No. 01 C 2633 <br><br> HONORABLE DAVID H. COAR <br><br> **DOCKETED** <br><br> FEB 0 7 2002 |

## MEMORANDUM OPINION AND ORDER

The underlying suit is brought on behalf of fifteen immigrants ("Plaintiffs") who filed applications to adjust their status from unlawful presence in the United States to lawful permanent residence. Plaintiffs, who were denied adjustment of status, seek declaratory and injunctive relief against the Immigration and Naturalization Service ("INS"). Plaintiffs challenge the INS's practice of denying their adjustment applications based on the immediate unavailability of visas and using these denied applications to initiate removal proceedings. The INS moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted. For the reasons discussed below, the INS's motion to dismiss is granted.

17

## Discussion

The INS urges this court to dismiss the Plaintiffs' suit for lack of subject matter jurisdiction. Specifically, the INS argues that statutory bars as well as the absence of a waiver of the government's sovereign immunity precludes judicial review of this case. The INS also maintains that the plaintiffs' failure to exhaust their administrative remedies also forecloses jurisdiction. In addition, the INS seeks dismissal of the Plaintiffs' complaint for failure to state a claim. Although the door-closing statutes invoked by the INS do not preclude jurisdiction, the court finds that plaintiffs' failure to exhaust their administrative remedies forecloses judicial review. Therefore, the court declines to hear this case prior to allowing the administrative tribunal an opportunity for review.[1]

### A. Statutory Bars to Judicial Review

The plaintiffs challenge the INS's practice of denying, on the merits, adjustment applications that suffer from the procedural deficiency of not having a visa immediately available. Plaintiffs claim that the INS's practices violates the procedures outlines in INS regulations 8 U.S.C. § 1255(i) and 8 C.F.R. § 245(a)(2)(i), which, according to Plaintiffs, directs the INS to reject applications without immediate visas. Once these applications are rejected, assert Plaintiffs, they cannot be used as a basis to commence removal proceedings. The INS contends that sections 1252(g) and 1252(a)(2)(B)(i) of the Immigration and Naturalization Act

---

[1] Because the jurisdictional issue is dispositive, the court will not address whether the complaint survives the defendants' Rule 12(b)(6) challenge.

("INA") strip this court of jurisdiction over the instant suit. See 8 U.S.C. §§ 1252(g), 1252(a)(2)(B)(i).

Section 1252(g) forecloses challenges to certain decision and actions of the Attorney General.[2] The statute reads:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Although the statute curtails judicial review of immigration cases, it is limited in scope. Pursuant to the express language of § 1252(g), the district court's power to review cases is barred only when an alien challenges three types of decisions: the Attorney General's decision to (1) commence proceedings, (2) adjudicate cases, and (3) execute removal orders. Reno v. American-Arab Anti-Discrimination Committee ("AADC"), 525 U.S. 471, 482, 119 S. Ct. 936, 142 L.Ed.2d 940 (1999); Fornalik v. Perryman, 223 F.3d 523, 531 (7th Cir. 2000).

As will be discussed below, the plaintiffs' claim does not fall into the three categories articulated in § 1252(g). The INS acknowledges that this action does not qualify as an attack on the execution of a removal order. Nor does this case fall into the other two categories cited in the statute: plaintiffs challenge neither the INS's decision to commence removal proceedings nor its adjudication of their cases.

Certainly, the plaintiffs bring this case because they wish not to be subject to removal, "but that cannot be a sufficient basis for invoking § 1252(g) . . . [because] almost every alien who

---

[2] Section 242(g) reads:
Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

-3-

brings a claim to federal court . . . does so because she is threatened with removal." Fornalik, 223 F.3d at 531 (rejecting expansive reading of § 1252(g)). Thus, the plaintiffs' claim must be strictly construed to determine whether it challenges the three types of decisions set forth in § 1252(g). See Fornalik, 223 F.3d at 531 ("[Section] 1252(g) is applicable only where the alien's well-plead complaint is based on one of § 1252(g)'s three listed factors."); Moro v. Immigration and Naturalization Service, 58 F. Supp. 2d 854, 858-59 (N.D. Ill. 1999).

The plaintiffs present a question of law as to whether the INS, pursuant to immigration statutes and regulations, can deny an adjustment of status application when no visa is immediately available to the applicant. They do not attack the disposition of their cases– in other words, they do not seek an adjustment of status. Rather, they seek to halt the processing of their applications when the procedural prerequisites set forth in the regulations (the immediate availability of a visa) have not been satisfied. Plaintiffs argue that the regulations require the INS to reject and return any application that does not have a visa immediately available rather than adjudicating the substance of the case. When the plaintiffs' claim is fleshed out, then, it is clear that their complaint is directed at a procedural matter that *precedes* the adjudication of their adjustment of status applications.

To reiterate, the plaintiffs attack the manner in which their applications are processed in the stages *preliminary* to the adjudication of their cases. As such, the present action does not qualify as a challenge to the adjudication of the plaintiffs' adjustment of status application and is not barred by the door closing statute set forth in § 1252(g). See Fornalik, 223 F.3d at 532 (dismissing argument that claim for adjustment of status was challenge to execution of removal order because claim in fact challenged "a prior, unrelated error" that resulted in improper

removal); Moro, 58 F. Supp. 2d at 858-59 (distinguishing claim challenging detention from the three discrete actions precluded from judicial review by § 1252(g)).

Likewise, the plaintiffs' claim cannot be construed as a request for relief from a decision to commence proceedings. Some of the plaintiffs had not even received Notices to Appear, which formally initiates a removal case, as of the date of the submission of their reply brief. See Fornalik, 223 F.3d at 532 (rejecting argument that claim of entitlement to an adjustment of status could be construed as request for relief from decision to commence proceedings because INS did not issue Notice to Appear until more then ten months after denial of adjustment application). Because the challenged decision does not fall within the scope of § 1252(g), that provision does not bar judicial review of this case.[3]

Nor does § 1252(a)(2)(B)(i) divest this court of jurisdiction. Section 1252(a)(2)(B), which is entitled "[d]enials of discretionary relief," forecloses judicial review of adjustment of status applications. See 8 U.S.C. § 1252(a)(2)(B)(i).[4] By its plain terms, then, § 1252(a)(2)(B)

---

[3] In addition, it is doubtful that § 1252(g) applies to denials of adjutsment of status. In view of the Supreme Court's narrow construction of § 1252(g) in AADC, the court is hesitant to read the statute as applying to non-deportation decisions. If "[i]t is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings," 525 U.S. at PIN, 119 S. Ct. at 944n.9, it is "even less plausible that the mention of these discrete events was a shorthand way of referring to all claims brought in immigration matters." Paunescu v. Immigration and Naturalization Service, 76 F. Supp. 2d 896, 899 (N.D. Ill. 1999). See also 525 U.S. at --, 119 S. Ct. at 944n.9 (observing that § 1252(g) applies to "specific steps in the deportation process"); Fornalik, 223 F.3d at 531 (rejecting the INS's argument that § 1252(g) precludes jurisdiction of "all claims brought after removal is threatened").

[4] Section 1252(a)(2)(B)(i) states:
Notwithstanding any other provision of law, no court shall have jurisdiction to review any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 [governing applications for adjustment of status] of this title.
8 U.S.C. § 1252(a)(2)(B)(i).

applies to denials of *discretionary* relief. Fornalik, 223 F.3d at 523. No discretion is implicated in the decisions challenged by the present suit, however. None of the plaintiffs was denied adjustment of status on discretionary grounds. Rather, the plaintiffs' theory is that the INS improperly carried out a blanket policy that subject the applications to a mechanical process that denied the applications based on a technicality, that is, the absence of an immediately available visa, rather than based on a substantive and discretionary review.

Unlike substantive determinations of whether to grant or deny adjustment of status applications, the ministerial decisions at issue here do not fall within the ambit of the discretionary decisions contemplated by § 1252(a)(2)(B). See Fornalik, 223 F.3d at 532 (suggesting that petitioner's case falls outside scope of § 1525(a)(2)(B) because "he is challenging a pure error of law . . . and not an exercise of discretion"); Paunescu, 76 F. Supp. 2d at 8-9 (finding no discretionary calls involved where INS failed to act on completed adjustment of status application). Accordingly, § 1252(a)(2)(B)(i) poses no bar to this court's review of this case.

B. Exhaustion of Remedies

Although Plaintiffs have overcome the hurdles posed by the door-closing statutes, their suit is nevertheless foreclosed by the exhaustion requirement. As a jurisdictional matter, a court may not review the administrative decisions of the INS unless the plaintiff has exhausted all administrative remedies. Cardoso v. Reno, 216 F.2d 512, 518 (7th Cir. 2000) (citing 8 U.S.C. § 1252(d)). As a general rule, exhaustion is not required for due process claims because the Board of Immigration Appeals' does not have the authority to adjudicate constitutional issues.

Castaneda-Suarez v. INS, 993 F.2d 142, 144 (7th Cir. 1993). Even within the exception for constitutional claims, however, exhaustion is required when a claim involves "procedural errors correctable by the administrative tribunal." Id. (quoting Vargas v. Immigration and Naturalization Services, 831 F.2d 906, 909 (9th Cir, 1987)).

Although plaintiffs have no direct recourse for the denial of their adjustment of status applications, they may renew their requests if and when the immigration services institutes removal proceedings. See 8 C.F.R. §§ 240.1(a)(ii), 245. Here, plaintiffs concede that they have not exhausted their remedies. Yet they argue that this case is not amenable to administrative relief because it presents a "pattern and practice" claim that requires an immigration judge to modify the general practices of the Chicago District Office rather than merely adjudicating individual removal cases. Even if this court were to find that the INS's current practices violated the immigration statutes, this court's ruling would only bind the parties before it. In other words, since this case is not being brought as a class action suit, this court could not dictate that the applications of non-parties be processed differently. Thus, even if the administrative judges can only review individual removal cases, that it sufficient, for that is the same scope of relief available to the plaintiffs in this court.

Plaintiffs' suit is premature. Plaintiffs do not present a due process claim, and they are not otherwise immune from the exhaustion requirement. In accordance with the law of this Circuit, this court declines to review the merits of this case at this juncture. See Cardoso, 216 F.2d at 518 (dismissing challenge to denial of adjustment application where plaintiff failed to exhaust remedies and listing cases); McBrearty v. Perryman, 212 F.3d 985, (7th Cir. 2000); Fornalik, 223 F.3d at 532; Moro, 58 F. Supp. 2d at 859-60.

## Conclusion

For the foregoing reasons, the INS's motion to dismiss Plaintiffs' complaint is granted.

Enter:

David H. Coar
United States District Judge

Dated: FEB - 5 2002